## R. SAVAGE, *ex parte.*

1. SUMMARY PROCEEDINGS. *What judgment must recite.* A judgment against a Sheriff and his sureties for the failure of his deputy to return an execution, to be valid, must recite a state of facts as being shown in proof, authorizing the exercise of jurisdiction. The proof need not be set out in detail. The Court may assume that such proof had been made. The state of facts necessary to appear in such a case are: The office of Sheriff, the securityship, the relationship of deputy, and his failure to return the execution according to law.

Case cited: Snell *v.* Rawlings, 3 Hum., 89.

2. SAME. *Same. Appearance and prayer for appeal. Effect of.* Where defendants appeared and prayed an appeal from a judgment by motion against them, wherein the jurisdictional facts did not appear, *Held,* That this did not cure the defect as to the required recitals.

FROM DAVIDSON.

Appeal from the Chancery Court. E. H. EAST, Chancellor.

22—VOL. 4.

R. McP. SMITH for McDonald.

DEMOSS & MALONE for Edmondson.

NICHOLSON, C. J., delivered the opinion of the Court.

At the May Term, 1861, the following entry was made in the Chancery Court at Nashville:

J. H. McDONALD, Adm'r, *v.* J. R. EDMONDSON, Sheriff, and others.

In this cause, on motion of the complainant, and it appearing to the satisfaction of the Court, that on the 5th of February, 1861, an execution issued from the Chancery Court at Nashville in favor of the complainant, J. H. McDonald, Administrator, against James F. Pentecost and others, for $297 20 and $340 costs, with interest from June 1, 1860, returnable to the present Term of this Court, which said execution was, on the same day, placed in the hands of W. D. Robertson, who has failed to return the same, or pay over the money, according to law. It is, therefore, ordered, adjudged, and decreed by the Court, that the complainant, J. H. McDonald, Administrator, recover of John R. Edmondson, Sheriff of Davidson County, and C. W. Nance and others, his sureties on his official bond, the said sum, etc. It is added:

"Defendants pray an appeal to the next Term of the Supreme Court," etc., but no bond for appeal was given.

The Chancellor held that this judgment was void for want of the necessary recitals to give the Court

jurisdiction, and the question is, whether this was erroneous.

It has been repeatedly held by this Court, that to render a judgment in a summary proceeding valid, the Court, before which the judgment is rendered, must set forth in the judgment a state of facts, as being shown in proof, authorizing the exercise of the jurisdiction. It is not required that the proof should be set out in detail, it is enough if the Court assumes, as having been made to appear, the state of facts necessary to justify their conclusion.

The jurisdictional facts necessary to appear in a judgment against a Sheriff and his sureties for the delinquency of his deputy in failing to return an execution, are, the office of Sheriff, the securityship of defendant, the relation of deputy, and his failure to return the execution according to law. Snell v. Rawlings, 3 Hum., 89.

The judgment in the present case is fatally defective, because the relation between W. D. Robertson and the Sheriff does not appear, nor is the relation of securityship of Nance and others to the Sheriff assumed as having been made to appear to the Court. Whether the Judge, in 1872, could judicially know that W. D Robertson was a deputy of Sheriff Edmondson in 1861 it is not necessary to determine, as it does not appear that the Judge assumed to know that fact. He may have known it, or it may have been proven, but we cannot presume. We can only look to the record as the Court below made it out, and by that it does not

appear that the execution went into the hands of W. D. Robertson as a deputy of Edmondson. This fact was necessary to be proved to give the Court jurisdiction, and in setting out the judgment the recital of this fact was essential to its validity.

It was also necessary that it should be recited in the judgment, that it appeared to the Court that Nance and others, against whom judgment was rendered, were securities of Edmondson, the Sheriff. This fact is not sufficiently stated, and in that respect the judgment is defective.

But it is said, it appears that defendants prayed an appeal from the judgment, and, hence, it may be inferred, that they had appeared and defended. If notice had been necessary to give the Court jurisdiction, the fact of their appearance might have been a waiver of this objection as to the jurisdiction; but it could have no effect as to other jurisdictional facts, which were necessary to be stated as either being proved or appearing to the Court.

We are of opinion that there was no error in the decree of the Chancellor, and we affirm it with costs.